# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br><br>LG ENERGY SOLUTION, LTD.,<br><br>Defendant. | Case No. 2:24-cv-00107-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, AND SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 2:24-cv-00108-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANT LG ENERGY SOLUTION'S MOTION TO STAY PROCEEDINGS PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................2

ARGUMENT ...................................................................................................................................3

   I.  A Stay Will Unduly Prejudice MRD. ....................................................................4

   II.  While Discovery Is Not Complete, a Trial Date Has Been Set, and LGES Delayed in Filing Its IPR Petition. .................................................................5

   III.  LGES Cannot Show That a Stay Is Likely to Simplify the Issues. ..........................7

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Tex. v. Ford Motor Co.*,
   No. 1-12-cv-580-RC, 2013 WL 7760958 (E.D. Tex. Sept. 19, 2013)...................................4, 5

*Allure Energy, Inc. v. Nest Labs, Inc.*,
   No. 9-13-cv-102-RC, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015)........................................4

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
   No. 6:09-cv-0366-JDL, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ...................................4

*Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*,
   No. 2:19-cv-0333-JRG-RSP, 2021 WL 66531 (E.D. Tex. Jan. 7, 2021) .................................8

*CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*,
   No. 2:17-cv-00140-WCB-RSP, 2019 WL 11023976 (E.D. Tex. Feb. 14, 2019)..................... 6

*Force Mos Tech., Co., Ltd. v. ASUSTek Computer, Inc.*,
   No. 2:22-cv-00460-JRG, 2024 WL 1586266 (E.D. Tex. Apr. 11, 2024) ........................ *passim*

*Freeny v. Apple Inc.*,
   No. 2:13-cv-00361-WCB, 2014 WL 3611948 (E.D. Tex. July 22, 2014)................................3

*Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*,
   No. 20-0269, Dkt No. 227 (E.D. Tex. Dec. 10, 2021) (Gilstrap, J.).........................................4

*Intellectual Ventures II LLC v. BITCO Gen. Ins. Corp.*,
   No. 6:15-cv-00059, 2016 WL 4394485 (E.D. Tex. May 12, 2016) No. 6:15-cv-59.................9

*MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*,
   No. 14-ca-719-HLH, 2015 WL 11573771 (W.D. Tex. Jan. 5, 2015).......................................6

*Mojo Mobility, Inc. v. Samsung Elecs. Co., LTD.*,
   No. 2:22-cv-00398-JRG-RSP, 2024 WL 778375 (E.D. Tex. Feb. 26, 2024)...........................8

*Nanoco Techs. Ltd. v. Samsung Elecs. Co.*,
   No. 2:20-cv-00038-JRG, 2021 WL 3027335 (E.D. Tex. Jan. 8, 2021) ....................................3

*NFC Tech. LLC v. HTC Am., Inc.*,
   No. 2:13-cv-1058-WCB, 2015 WL 1069111 (E.D. Tex. Mar. 11, 2015).........................7, 8, 9

*Norman IP Holdings, LLC v. TP-Link Techs., Co.*,
   No. 6:13-cv-00384-JDL, 2014 WL 5035718 (E.D. Tex. Oct. 8, 2014)................................6, 7

*Saint Lawrence Commc'ns LLC v. ZTE Corp.*,
   No. 2:15-cv-0349-JRG, 2017 WL 3396399 (E.D. Tex. Jan. 17, 2017) ...................................... 8

*Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*,
   No. 2:17-cv-00671-JRG, 2018 WL 3472700 (E.D. Tex. July 19, 2018) ......................... *passim*

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-cv-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) ................................. 3

*Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*,
   No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960 (E.D. Tex. Mar. 24, 2020) ........................ 8

*Uniloc USA, Inc. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-cv-00642-JRG, 2017 WL 9885168 (E.D. Tex. June 13, 2017) ................................. 9

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*,
   No. 2:21-cv-00378-JRG, 2022 WL 16856099 (E.D. Tex. Nov. 10, 2022) ..................... *passim*

## INTRODUCTION

Plaintiffs Molecular Rebar Design, LLC, and Black Diamond Structures, LLC, (collectively, "MRD") respectfully file this opposition to the ***pre-institution*** Motion to Stay Pending *Inter Partes* Review (Dkt. 47) filed by Defendant LG Energy Solution, Ltd. ("LGES"). The Court should deny the motion.

As this Court has explained, "[i]t is now well established that this Court will ***not***, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR." *Tessera Advanced Techs., Inc. v. Samsung Elecs. Co., Ltd.*, No. 2:17-CV-00671-JRG, 2018 WL 3472700, at *4 (E.D. Tex. July 19, 2018).[1] Despite this practice (which LGES does not acknowledge in its motion despite MRD bringing it to LGES's attention during the meet and confer process), LGES makes no attempt to show that exceptional circumstances exist here. Nor can it. Under this Court's precedent, each and every stay factor weighs against LGES's motion to stay.

***First***, a stay would unduly prejudice and disadvantage MRD. Not only would it harm MRD's "interest in the timely enforcement of its patent rights," *id.* at *1, but it would delay MRD's ability to "recover[] monetary damages"—which this Court has held "***is 'far from non-prejudicial' and is entitled to weight under this factor***." *Force Mos Tech., Co., Ltd. v. ASUSTek Computer, Inc.*, No. 2:22-CV-00460-JRG, 2024 WL 1586266, at *2 (E.D. Tex. Apr. 11, 2024).

***Second***, the stage of the case and timing of LGES's petition also weigh against a stay. Simply put, like in *Tessera*, "the stage of the case is not so early that the stay would have no material effect on the district court proceedings; nor is the timing so late that delaying a stay until such time as institution actually occurs would not save the Parties the substantial expenses they would occur in the pretrial period and going to trial." 2018 WL 3472700, at *3.

---

[1] Unless otherwise noted, all emphases in this brief have been added.

***Third***, LGES has presented nothing to support its speculation that a stay is likely to result in the simplification of the case. Nor can it. "At this nascent stage of the PTAB proceedings, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.'" *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-CV-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022) (citation omitted).

For at least these reasons, including the absence of any "exceptional circumstances," the Court should deny LGES's motion to stay.

## BACKGROUND

MRD filed its complaint against LGES on February 16, 2024, Dkt. 1, and served its original infringement contentions on May 15, 2024. Dkt. 36 at ¶ 1. MRD subsequently served amended contentions on May 22, 2024. *Id.* at ¶¶ 2-3.

LGES answered MRD's complaint against it on June 3, 2024, Dkt. 30, and filed its IPR petitions on June 7 and June 12, 2024. Dkt. 47 at 1 (confirming same). One week later, LGES informed MRD on June 14 that LGES intended to move to stay these proceedings based on the filing of its IPR petitions. Ex. 1 at 2-3.

During the ensuing meet and confer, MRD brought to LGES's attention this Court's practice of denying pre-institution stay motions and asked it to explain what exceptional circumstances existed here. *See id.* at 1-2. LGES identified none. In an effort to avoid imposing an unnecessary burden on the parties and (more importantly) the Court, MRD nevertheless proposed that—if LGES would agree not to file its motion—MRD would stipulate "that LGE would be entitled to whatever benefit it would receive had it filed its motion" for purposes of any subsequent motion or argument. *Id.* (acknowledging that this Court sometimes has "considered motions filed at this stage in evaluating a party's diligence in filing a post-institution request"). LGES declined MRD's proposal and filed this motion the following day. *See id.* at 1.

2

# ARGUMENT

As this Court has held, it "has the inherent power to control its own docket, including the power to stay proceedings." *Force Mos Tech.*, 2024 WL 1586266, at *1. And this Court has been clear as to how it exercises its discretion—explaining that it "has ***a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings***." *Id.* at *4; *accord, e.g.*, *Tessera*, 2018 WL 3472700, at *4 ("It is now well established that this Court will ***not***, barring exceptional circumstances, grant a stay of proceedings for the mere filing of an IPR." *Nanoco Techs. Ltd. v. Samsung Elecs. Co.*, No. 2:20-CV-00038-JRG, 2021 WL 3027335, at *1 (E.D. Tex. Jan. 8, 2021) ("[T]his Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings."); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) ("This Court's survey of cases from the Eastern District of Texas shows that when the PTAB has not yet acted on a petition for inter partes review, the courts have uniformly denied motions for a stay."); *Freeny v. Apple Inc.*, No. 2:13-cv-00361-WCB, 2014 WL 3611948, at *1 (E.D. Tex. July 22, 2014) ("The most important—indeed, the dispositive—factor bearing on the Court's exercise of its discretion in this case is that the PTAB has not yet acted on Netgear's petition for inter partes review.").

Despite this precedent, LGES does not even acknowledge the Court's "consistent practice," much less attempt to show the required exceptional circumstances. "For this reason alone, the Motion should be denied." *Force Mos Tech.*,, 2024 WL 1586266, at *4.

Further, even if the Court were to consider the traditional stay factors—"(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether discovery is complete and whether a trial date has been set; and (3) whether a stay will simplify issues in question and trial of the case," *Tessera*, 2018 WL 3472700, at *1—the result would be no different. Each factor weighs against granting a stay here.

3

I.      **A Stay Will Unduly Prejudice MRD.**

The first stay factor assesses "whether a stay will unduly prejudice or present a clear tactical disadvantage to the ***nonmoving*** party." *Force Mos Tech.*, 2024 WL 1586266, at *2. Here, this factor weighs against LGES's request for at least two reasons.

*First*, contrary to LGES's argument that "MRD will not suffer undue prejudice if the Court stays the case" because LGES "is not seeking an injunction" and "monetary relief will sufficiently compensate MRD for any purported damages," Mot. at 4, this Court has held that "Defendant's argument that this factor weighs in favor of a stay because Plaintiff has not requested an injunction is incorrect"—explaining "the failure to seek an injunction does not amount to an admission by plaintiff that it will not be prejudiced by a stay." *Force Mos Tech.*, 2024 WL 1586266, at *2 (quotation marks omitted). Moreover, "this Court has repeatedly found that ***a delay in recovering monetary damages is 'far from non-prejudicial' and is entitled to weight under this factor***." *Id*. Indeed, as it has explained, there is "little doubt that any hard-working American who is told that their paycheck will be delayed 'just a few months' would agree that such causes them and their family no harm." Order, *Garrity Power Servs. LLC v. Samsung Elecs. Co. Ltd.*, No. 20-0269 (E.D. Tex. Dec. 10, 2021) (Gilstrap, J.), Dkt. No. 227 at 4 n.1.

Moreover, delay in the vindication of its rights and the recovery of monetary damages is not the only prejudice MRD would suffer were this matter to be stayed. MRD also would be prejudiced by the fact that, "[a]s time passes, the quality and quantity of evidence diminishes." *Affinity Labs of Tex. v. Ford Motor Co.*, No. 1-12-CV-580-RC, 2013 WL 7760958, at *1 (E.D. Tex. Sept. 19, 2013). Indeed, as courts have held, a stay "tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102-RC, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015); *Allvoice Devs. US, LLC v. Microsoft Corp.*, No. 6:09-

4

cv-0366-JDL, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) ("[A] stay in this case would create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade.").

*Second*, the only other argument LGES offers in support of its position is its assertion that "LGES will suffer prejudice without a stay by incurring the burden of continuing to defend against infringement allegations of five patents that the PTAB may ultimately invalidate"—stating that LGES will incur litigation costs as a result. Mot. at 4-5. In addition to being entirely unsupported, LGES's position is irrelevant. As this Court has squarely held, "Defendant's argument that it will be prejudiced if the case is not stayed is inapposite, as the present factor in the stay analysis looks to whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party." *Force Mos Tech.*, 2024 WL 1586266, at *2 (quotation marks omitted).

In sum, this Court already has squarely rejected each argument that LGES makes regarding the prejudice factor. Accordingly, the Court should find that factor weighs against granting a stay.

**II.     While Discovery Is Not Complete, a Trial Date Has Been Set, and LGES Delayed in Filing Its IPR Petition.**

The second factor considers "whether discovery is complete and whether a trial date has been set." Here, this factor likewise weighs against a stay.

Certainly, discovery is not yet complete. But just as in *Force Mos Technology*, a trial date has been set and—consistent with the entry of the DCO—"Plaintiff and Defendant have served initial disclosures and contentions; further, MRD already "ha[s] produced thousands of pages of documents." *Force Mos Tech.*, 2024 WL 1586266, at *3. The circumstances here thus are similar to those in which stay requests have been denied. *See, e.g.*, *Affinity Labs of Texas v. Ford Motor Co.*, No. 1-12-cv-580-RC, 2013 WL 7760958, at *1 (E.D. Tex. Sept. 19, 2013) (denying stay

5

request—noting that a trial date had been set, a Rule 26(f) conference had occurred, a scheduling order had been entered, and disclosures and preliminary infringement and invalidity contentions had been exchanged); *MiMedx Grp., Inc. v. Tissue Transplant Tech. Ltd.*, No. 14-CA-719-HLH, 2015 WL 11573771, at *2 (W.D. Tex. Jan. 5, 2015) (denying stay request even though claim construction briefing had not yet taken place).

Notably, LGES seeks to discount these similarities on the grounds that it purportedly "has pursued IPRs during the early stages of this case, less than two weeks after answering the complaint." Mot. at 5. While it is true that LGES filed its request within two weeks of answering the complaint, LGES ignores that MRD put LGES on notice of its infringement far earlier: in August 2022. Indeed, LGES has pointed to such notice in support of the motion to transfer it recently filed in this case. Dkt. 48 at 2-3. LGES thus *could* have filed its IPR petition far earlier than it did—a choice it makes no attempt to explain. As this Court's decision in *Tessera* demonstrates, LGES's choice to wait nearly two years to file its IPR petitions thus weighs against its requested stay. *Tessera*, 2018 WL 3472700, at *3 (finding that this factor weighed against requested stay because, "[w]hile Samsung has the right to delay filing its IPRs for a year under 35 U.S.C. § 315, the choice of when to bring such IPRs is still at Samsung's discretion" and thus evidenced a lack of diligence).

The two cases LGES cites do not compel a different result. Mot. at 4-5. First, neither is a decision of this Court. As such, neither speaks to how this Court chooses to exercise its discretion. Second, neither involved *un-instituted IPR petitions* like those on which LGES basis its motion here. Rather, in *CyWee*, the defendant moved to stay "five weeks *after the institution of Google's IPR*." *CyWee Grp. Ltd. v. Samsung Elecs. Co. Ltd.*, No. 2:17-CV-00140-WCB-RSP, 2019 WL 11023976, at *5 (E.D. Tex. Feb. 14, 2019) (noting that Samsung had moved to join Google's instituted IPR). And in *Norman IP Holdings*, "**the PTO has already issued final rejections as to**

6

*a number of the asserted claims*, several defendants have been dismissed since the filing of this motion, **and all the asserted claims are currently undergoing reexamination, IPR or are the subject of petitions for IPR**." *Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13–cv–384–JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014).

In sum, the circumstances here are little different from those in cases where this Court has found this factor weighs against a stay—namely, like in *Tessera*, "the stage of the case is not so early that the stay would have no material effect on the district court proceedings; nor is the timing so late that delaying a stay until such time as institution actually occurs would not save the Parties the substantial expenses they would occur in the pretrial period and going to trial." 2018 WL 3472700, at *3. As such, particularly when considered in light of LGES's an three-year delay in filing its IPR petition, the second factor likewise weighs strongly against LGES's stay request.

**III.   LGES Cannot Show That a Stay Is Likely to Simplify the Issues.**

The final factor is "whether the stay will likely result in simplifying the case before the court." *Force Mos Tech.*, 2024 WL 1586266, at *1. According to LGES, it is "the most important factor bearing on whether to grant a stay in this case." Mot. at 2-3 (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *4 (E.D. Tex. Mar. 11, 2015)). Here, where the PTAB has yet to even institute on LGES's petition (and its institution decision is not due for months), that factor also is easily resolved against LGES.

Simply put, as this Court has held, "[i]t is the Court's established practice to consider that motions to stay pending IPR proceedings which have not been instituted **are inherently premature and should be denied as such**." *Viavi Sols.*, 2022 WL 16856099, at *5.

And notably, in reaching that conclusion, the Court has considered and rejected every one of LGES's simplification arguments, including its speculative assertion that "[a] stay will likely eliminate all the issues in this litigation." Mot. at 2. As this Court has held, "[a]t this nascent stage

7

of the PTAB proceedings, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.'" *Viavi Sols.*, 2022 WL 16856099, at *5 (quoting *NFC Tech. LLC*, 2015 WL 1069111, at *2). "Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *Id.*; *Arbor Glob. Strategies LLC v. Samsung Elecs. Co.*, No. 2:19-cv-0333-JRG-RSP, 2021 WL 66531, at *3 (E.D. Tex. Jan. 7, 2021) (explaining a defendant "must point to *more than a successful petition* to show that the Board is likely to invalidate every asserted claim").

Nor is there any merit to LGES's argument that the Court should stay the case because the "PTAB [may] find[] certain claims invalid or MRD [may] take[] positions in the IPRs that impact claim scope." Mot. at 8. As to the first point, when considering whether a stay pending IPR will simplify the issues, the Court asks whether the *IPR petition* is likely to lead to cancellation of *all claims*—not whether it may cancel *some* claims. *See, e.g.*, *Uniloc 2017 LLC v. Samsung Elecs. Am., Inc.*, No. 2:19-cv-00259-JRG-RSP, 2020 WL 1433960, at *6 (E.D. Tex. Mar. 24, 2020) (finding that the case would not be sufficiently simplified through IPR because, "at most, only eight of the nineteen Asserted Claims are challenged" and thus "even in a situation where the PTAB invalidates every instituted claim, eleven Asserted Claims would remain live in this case").[2]

As to LGES's second point (that "MRD [may] take[] positions in the IPRs that impact claim scope"), that is true of every IPR proceeding, and yet LGES cites no case where this Court has granted a stay motion based on that possibility. Moreover, the circumstances here plainly undercut LGES's rationale as a practical matter. Per the DCO, the parties' deadline to exchange

---

[2] *See Mojo Mobility, Inc. v. Samsung Elecs. Co., LTD.*, No. 2:22-cv-00398-JRG-RSP, 2024 WL 778375, at *1 (E.D. Tex. Feb. 26, 2024) ("At best, only a single patent of the six at issue before the Court could be subject to an IPR. Even if all asserted claims of that patent were found invalid, the Court would still be left to conduct a trial as to the remaining patents."); *Saint Lawrence Commc'ns LLC v. ZTE Corp.*, No. 2:15-CV-0349-JRG, 2017 WL 3396399, at *2 (E.D. Tex. Jan. 17, 2017) (denying stay motion where PTAB instituted IPR on only … 6 of 38 asserted claims").

8

initial claim terms per P.R. 4-1 does not occur until February 2025, Dkt. 30—roughly *five months after MRD's September 2024 deadline to file its preliminary response*. Thus, to the extent that LGES wants to argue a disclaimer occurred, it will have every opportunity to do so without any need for a stay in the meantime.

And yet again, LGES cites no case supporting its position under the pre-institution circumstances present here. Rather, every case it cites in support of its arguments as to this factor involved a motion to stay filed **after an IPR had been instituted**. *Uniloc USA, Inc. v. Samsung Elecs. Am., Inc*., No. 2:16-cv-642-JRG (LEAD CASE), 2017 WL 9885168, at *1 (E.D. Tex. June 13, 2017) (emphasizing that "the Patent Trial and Appeal Board … has instituted review of every asserted claim of three of the four patents asserted against Apple"); *Int'l Ventures II LLC v. BITCO Gen. Ins. Corp.*, No. 6:15-cv-59 (LEAD CASE), 2016 WL 4394485, at *1 (E.D. Tex. May 12, 2016) ("On March 22, 2016, the PTAB granted Defendants' petition as to the '555 Patent and instituted review of claims 1, 7, and 13-15 of the '555 Patent."); *NFC Tech. LLC v. HTC Am., Inc*., No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) ("On February 4, 2015, the PTAB granted HTC's first two petitions for inter partes review."). As such, none had to overcome this Court's "***consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings***." *Force Mos Tech.*, 2024 WL 1586266, at *4.

In sum, this Court repeatedly has held that "motions to stay pending IPR proceedings which have not been instituted are inherently premature and should be denied as such." *Viavi Sols*., 2022 WL 16856099, at *5. LGES has provided nothing to demonstrate that this conclusion does not apply equally here. This factor thus weighs heavily against LGES's request.

## CONCLUSION

For the reasons explained above, the Court should deny LGES's motion to stay.

9

| | |
|---|---|
| Date: July 3, 2024 | Respectfully submitted,<br><br>/s/ *Andres C. Healy*<br>Andres C. Healy<br>Washington State Bar No. 45578<br>ahealy@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 505-3843<br>Facsimile: (206) 516-3883<br><br>Lexie G. White<br>Texas State Bar No. 24048876<br>lwhite@susmangodfrey.com<br>Ryan Caughey<br>Texas State Bar No. 24080827<br>rcaughey@susmangodfrey.com<br>SUSMAN GODFREY, L.L.P.<br>1000 Louisiana Street, Suite 5100<br>Houston, Texas 77002<br>Telephone: (713) 651-9366<br>Facsimile: (713) 654-6666<br><br>Samir Doshi<br>New York Bar No. 5689963<br>sdoshi@susmangodfrey.com<br>SUSMAN GODFREY L.L.P.<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: 212-336-8330<br><br>Claire Abernathy Henry<br>Texas State Bar No. 24053063<br>E-mail: claire@wsfirm.com<br>WARD, SMITH & HILL, PLLC<br>1507 Bill Owens Parkway<br>Longview, TX 75604<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323<br><br>*Attorneys for Plaintiffs MRD and BDS* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record via the Court's ECF system on July 3, 2024.

/s/*Andres C. Healy*
Andres C. Healy