UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br>LG ENERGY SOLUTION, LTD.,<br>Defendant. | Case No. 2:24-cv-00107-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>(Lead Case) |
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, AND SAMSUNG ELECTRONICS AMERICA, INC.<br>Defendants. | Case No. 2:24-cv-00108-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>(Member Case) |

**JOINT NOTICE REGARDING FINAL WRITTEN DECISIONS IN *INTER PARTES* REVIEW PROCEEDINGS**

On February 5, 2025, this Court stayed the above-captioned actions "pending the issuance of the last final written decision from the" Patent Trial and Appeal Board in the following IPR proceedings, or until further order of this Court, whichever occurred first: IPR2024-01005, IPR2024-01006, IPR2024-01011, IPR2024-01012, IPR2024-01013, IPR2025-00355; IPR2025-00356; IPR2025-00357; IPR2025-00358; and IPR2025-00359. Dkt. 86 at 2. The Court further ordered that, "within three (3) days after the issuance of the last of the final written decisions from the PTAB in above-listed IPRs, Defendants and Plaintiffs shall submit a joint status report to the Court advising of the status of the case and the schedule for further proceedings." *Id.*

In accordance with the Court's order, the parties in the above-captioned cases—Defendant LG Energy Solution, Ltd. ("LGES"), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung," and with LGES "Defendants"), and Plaintiffs Molecular Rebar Design, LLC and Black Diamond Structures, LLC (collectively, "MRD")—hereby submit this joint status report and their proposal for further proceedings.

1. In June 2024, LGES filed IPR petitions challenging all Asserted Claims for all Asserted Patents in this case. *See* Dkts. 47-1 through 47-5; *see also* IPR2024-01006; IPR2024-01011; IPR2024-01013; IPR2024-01005; IPR2024-01012. On December 16, 2024, the PTAB instituted LGES's IPRs for all challenged claims. *See* Dkts. 82-01 through 82-05.

2. On December 23, 2024, Samsung filed IPR petitions that are substantially identical to LGES's IPR petitions for the five Asserted Patents. *See* Dkts. 82-06 through 82-10; *see also* IPR2025-00356; IPR2025-00357; IPR2025-00359; IPR2025-00355; IPR2025-00358. Samsung also filed motions to join each of the LGES IPRs. *See* Dkts. 82-11 through 82-15.

3. On July 17, 2025, the PTAB instituted trial in each of Samsung's IPR petitions and granted Samsung's motions to join each of the IPR proceedings that were instituted on petitions filed by LGES. On July 21, 2025, Samsung and MRD filed a joint notice with the Court informing the Court of the PTAB's decisions on Samsung's five IPR petitions and Samsung's five motions to join LG's IPR. *See* Dkt. 87.

4. On August 25, 2025, MRD disclaimed the challenged claims in the '649 patent at issue in IPR2024-01005 and IPR2025-00355 (*i.e.*, claims 1–23), and on September 2, 2025, the PTAB issued an Order Granting Request for Adverse Judgment After Institution of Trial pursuant to 37 C.F.R. § 42.73(b).

5. On December 15, 2025, the PTAB issued its final, written decisions with respect to each remaining IPR proceeding identified above. The PTAB did not find any challenged claim in the ’909 Patent, the ’924 Patent, or the ’483 Patent unpatentable. The PTAB found all challenged claims in the ’282 Patent unpatentable.

a. ’909 Patent (IPR2024-01006, IPR2025-00356): The PTAB concluded that Defendants did not establish by a preponderance of the evidence that any of claims 1–8 of the ’909 Patent are unpatentable.

b. ’924 Patent (IPR2024-01011, IPR2025-00357): The PTAB concluded that Defendants did not establish by a preponderance of the evidence that any of claims 1–5 of the ’924 Patent are unpatentable.

c. ’483 Patent (IPR2024-01013, IPR2025-00359): The PTAB concluded that Defendants did not establish by a preponderance of the evidence that any of claims 1–4, 7–18 of the ’483 Patent are unpatentable.

d. ’282 Patent (IPR2024-01012, IPR2025-00358): The PTAB concluded that Defendants established by a preponderance of the evidence that claims 1–16 of the ’282 Patent are unpatentable.

6. In accordance with the Court’s directive that the parties submit their proposal regarding the schedule for further proceedings, the parties propose that the Court set a trial date based on its availability, and that the parties submit a proposed docket control order promptly thereafter based on the trial date.

7. The parties disagree as to the appropriate timing of the trial date that they request the Court set.

a. MRD's Position: MRD requests the Court set a trial date in **December 2026** as to the asserted claims in the '909, '924, and'483 Patents. The Court originally scheduled trial in this matter for December 8, 2025. *See* Dkt. 40 at 1. The IPR proceedings took one year, from December 16, 2024, to December 15, 2025. *Cf.* Dkt. 82 at 2. Extending the trial date by the length of the IPR proceedings, hewing to the Court's original schedule, makes sense. Defendants' contrary arguments do not. The parties were already disputing the scope of accused products during the litigation; claim construction (if extended by one year) is still months away; and Defendants' deadline to disclose their final invalidity theories is seven days before jury selection. This case was already stayed for a year. There is no reason for additional delay.

b. Defendants' Position: Defendants propose that the Court set trial dates **no earlier than March 2027**, to allow an additional ninety (90) days for two reasons. First, due to the passage of time, Defendants anticipate that the parties will investigate additional products that may have been sold for the first time during the pendency of the stay. Second, MRD made many statements during the IPR proceedings relevant to Defendants' invalidity contentions and to claim construction. Defendants respectfully submit that additional time is needed to assess and address these developments.

The parties are available to provide the Court with any further information it requests.

Dated: December 18, 2025

*/s/ Daniel A. Tishman*

Michael J. McKeon (D.C. Bar No. 459780)
Christian A. Chu (DC Bar No. 483948)
R. Andrew Schwentker (DC Bar No. 991792)
Daniel A. Tishman (DC Bar No. 1013923)
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
E-mail: mckeon@fr.com; chu@fr.com;
schwentker@fr.com; tishman@fr.com

Katherine H. Reardon (NY Bar No. 5196910)
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002
E-mail: kreardon@fr.com

Melissa R. Smith (TX Bar No. 24001351)
melissa@gillamsmith.com
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Defendant*
*LG Energy Solution, Ltd*

*/s/ Jeffrey R. Colin*

Richard Edlin
New York Bar No. 2051696
Email: edlinr@gtlaw.com
Thomas D. Pease
New York Bar No. 2671741
Email: thomas.pease@gtlaw.com

Respectfully submitted,

*/s/ Samir Doshi*

Samir Doshi
New York Bar No. 5689963
sdoshi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: 212-336-8330

Andres C. Healy
Washington State Bar No. 45578
ahealy@susmangodfrey.com
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 505-3843
Facsimile: (206) 516-3883

Lexie G. White
Texas State Bar No. 24048876
lwhite@susmangodfrey.com
Ryan Caughey
Texas State Bar No. 24080827
rcaughey@susmangodfrey.com
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Claire Abernathy Henry
Texas State Bar No. 24053063
MILLER FAIR HENRY PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400 (phone)
(903) 757-2323 (facsimile)
claire@millerfairhenry.com
www.millerfairhenry.com

*Attorneys for Plaintiffs MRD and BDS*

Julie P. Bookbinder
New York Bar No. 4375259
Email: bookbinderj@gtlaw.com
Jeffrey R. Colin
New York Bar No. 4758272
Email: colinj@gtlaw.com
Wen Xue (*pro hac vice*)
New York Bar No. 5598008
Email: xuew@gtlaw.com
Kathryn E. Albanese
New York Bar No. 5748033
Email: katie.albanese@gtlaw.com
GREENBERG TRAURIG LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Andrew R. Sommer
Virginia Bar No. 70304
Email: sommera@gtlaw.com
GREENBERG TRAURIG LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301

Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S Washington Avenue
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 18, 2025.

*/s/ Samir Doshi*