[redacted]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br><br>LG ENERGY SOLUTION, LTD.,<br><br>Defendant. | Case No. 2:24-CV-00107-JRG<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| MOLECULAR REBAR DESIGN, LLC, AND BLACK DIAMOND STRUCTURES, LLC,<br><br>Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD, AND SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendants. | Case No. 2:24-CV-00108-JRG<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT NEW EVIDENCE REGARDING THEIR OBJECTIONS TO THE CLAIM CONSTRUCTION ORDER REGARDING OXIDATION (DKT. 178)**

[redacted]

**TABLE OF CONTENTS**


I. BACKGROUND ....... 1

A. Defendants' Indefiniteness Argument and the Claim Construction Order ....... 1

B. The Expert Reports ....... 2

II. LEGAL STANDARD ....... 3

III. ARGUMENT ....... 3

A. Factors 1 and 3: The New Evidence Did Not Exist When Defendants Briefed Indefiniteness or Objected to the Claim Construction Order ....... 4

B. Factor 2: The New Evidence Goes Directly to the Issue the Claim Construction Order Found Dispositive ....... 4

C. Factor 4: MRD Will Suffer No Unfair Prejudice ....... 5

IV. CONCLUSION ....... 5

[redacted]

## TABLE OF ABBREVIATIONS

| Abbreviation | Description |
|---|---|
| '649 patent | U.S. Patent No. 9,636,649 |
| '656 patent | U.S. Patent No. 10,414,656 |
| Asserted Patents | U.S. Patent Nos. 8,808,909; 8,968,924; and 10,153,483 |
| CEA | Combustion Elemental Analysis |
| CNT | "carbon nanotube" |
| DCO | Second Amended Docket Control Order, Dkt. 135, filed June 18, 2026 |
| Defendants | Collectively, LGES and Samsung |
| EDX | Energy-Dispersive X-ray Spectroscopy |
| FTIR | Fourier-Transform Infrared Spectroscopy |
| LGES | Defendant LG Energy Solution, Ltd. |
| MRD | Molecular Rebar Design, LLC, and Black Diamond Structures, LLC |
| Oxidation Level Term | "oxidation levels from 1% to 15% by weight of the carbon nanotube" |
| Order | Claim Construction Order, Dkt. 178, filed August 31, 2026 |
| POSITA | Person of ordinary skill in the art |
| PT | Potentiometric Titration |
| Samsung | Collectively, Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. |
| TGA | Thermogravimetric Analysis |
| TPD | Temperature-Programmed Desorption |
| XPS | X-ray Photoelectron Spectroscopy |

## TABLE OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Excerpts from the Opening Expert Report of Dr. W. Jud Ready, dated September 15, 2026 |
| 2 | Excerpts from the Rebuttal Expert Report of Dr. Vicki Colvin, dated October 13, 2026 |
| 3 | Excerpts from the Rebuttal Expert Report of Thomas Fuller, Ph.D, dated October 13, 2026 |

[redacted]

Defendants LGES and Samsung respectfully move for leave to submit additional evidence—specifically, portions of two recently served expert reports—relevant to the Court's review of the Claim Construction Order's holding that the Oxidation Level Term is not indefinite.[1] Defendants further ask the Court to consider this evidence in ruling on the objections or, alternatively, to return the question of indefiniteness to Judge Payne with instructions to consider the evidence.

The Claim Construction Order found that Defendants failed to carry their burden at step three of the *Ball Metal* test because the only comparison in the record among the three "principal methods" the Order identified—XPS, TGA, and EDX—was between XPS and EDX. Order at 15-20. The new expert reports supply the comparison that Judge Payne found was missing. Specifically, for the same accused CNT materials, MRD's expert Dr. Ready reports oxidation levels measured by XPS that fall within the claimed 1% to 15% range ([redacted] according to Ex. 1 ¶¶ 329-30), whereas Dr. Colvin's TGA testing of CNTs used by LGES shows oxidation levels of [redacted] (Ex. 2 ¶¶ 144, 146; Ex. 3 ¶ 140)—well below the 1% floor. This evidence did not exist when the parties briefed indefiniteness before Judge Payne, and it should be considered because it goes directly to the issue the Claim Construction Order found dispositive.

# I. BACKGROUND

## A. Defendants' Indefiniteness Argument and the Claim Construction Order

As required by the DCO, Defendants raised indefiniteness in their responsive claim construction brief. DCO at 6. Applying the three-step *Ball Metal* framework, they showed that (1) multiple known methods exist for measuring CNT oxidation level, (2) nothing in the record suggests using any one of them, and (3) the methods yield materially different results. Dkt. 123 at 3-10; *Ball Metal Beverage Container Corp. v. Crown Packaging Tech., Inc.*, 838 F. App'x 538, 542-43 (Fed. Cir. 2020);

[1] All asserted claims include the Oxidation Level Term, which requires the carbon nanotubes to have "oxidation levels from 1% to 15% by weight of the carbon nanotube."

[redacted]

*Ningde Amperex Tech. Ltd. v. Zhuhai CosMX Battery Co.*, No. 2:22-CV-00232-JRG, 2023 WL 6930328, at *4 (E.D. Tex. Oct. 19, 2023). On step three, Defendants presented the comparative evidence then available: XPS vs. EDX, CEA vs. XPS, PT vs. TPD, and TGA vs. FTIR. Dkt. 123 at 6-9.

The Claim Construction Order found ***step one*** of the *Ball Metal* test to be satisfied because there are multiple known methods of testing for oxidation level. Order at 14. At ***step two***, it narrowed the field to three "principal methods"—XPS, TGA, and EDX—but did not identify anything in the record directing a POSITA to one of those three over the others. *Id.* at 14-17. At ***step three***, it found the only principal-method comparison in the record—XPS versus EDX—insufficient to carry Defendants' burden. *Id.* at 18-21.

Defendants objected to the step-two and step-three rulings. Dkt. 181 at 1-3.

### B. The Expert Reports

On September 15, 2026—the day after Defendants filed their objections to the Claim Construction Order—MRD served Dr. Ready's opening report. Dr. Ready relied on XPS testing of the two CNT materials used in the accused products, [redacted] and, applying the Order's construction, calculated oxidation levels of [redacted] respectively.[2] Ex. 1 ¶¶ 305-07, 327-30. He reported no TGA testing. *See id.* ¶¶ 305-31.

On October 13, 2026, LGES served Dr. Colvin's rebuttal report. At her direction, LSU tested the same two CNT materials by TGA, consistent with the procedure described in MRD's unasserted '656 patent, which identifies TGA as a primary method for testing CNT oxidation level. Ex. 2 ¶¶ 143-44 & n.169. The oxidation levels measured by TGA were [redacted]

[2] Defendants maintain that Dr. Ready's XPS analysis is unreliable and that the accused CNTs do not meet the Oxidation Level Term under any method. But because MRD alleges infringement based on these XPS results, they may be accepted for the purpose of assessing indefiniteness, without any concession by Defendants. *Cf. Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) (finding anticipation to be satisfied by proof of pre-critical date sale coupled with the patentee's "allegation that the accused cartridges infringe"). Defendants do not concede that Dr. Ready's raw CNT test results establish the oxidation levels of CNTs in any particular accused battery.

[redacted]

[redacted]—well below the claimed 1% floor. *Id.* ¶ 146; *see id.* ¶ 150(a).

## II. LEGAL STANDARD

When a magistrate judge rules on a matter dispositive of a claim or defense, the district court reviews objected-to portions de novo and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). Although styled an order, the indefiniteness ruling disposed of Defendants' indefiniteness defense, and Defendants' claim construction brief stood in for a summary judgment motion: the DCO required indefiniteness to be raised in Markman briefing "[i]n lieu of early motions for summary judgment." DCO at 6.

The statute and rule "are carefully drafted to maximize the district court's authority" on review, and the Court "need not reject newly-proffered evidence simply because it was not presented to the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851-52 (5th Cir. 1998). In exercising its discretion to accept new evidence, the Court must consider:

> "(1) the objecting party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the objecting party's case; (3) whether the evidence was previously available to the objecting party when it [submitted its briefing to the Magistrate Judge]; and (4) the likelihood of unfair prejudice to the opposing party if the evidence is accepted."

*Chavarria v. Sam's Real Est. Bus. Tr.*, No. 26-10262, 2026 WL 2296984, at *1 (5th Cir. Aug. 10, 2026) (per curiam) (cleaned up) (quoting *Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 854 (5th Cir. 2003)). Untimeliness "does not automatically warrant" exclusion; the Court "must balance the four equitable factors." *Id.* at *2.

## III. ARGUMENT

The four factors described in *Chavarria* weigh in favor of permitting Defendants to submit the new expert reports and supplement their objections to the Claim Construction Order.

[redacted]

### A. Factors 1 and 3: The New Evidence Did Not Exist When Defendants Briefed Indefiniteness or Objected to the Claim Construction Order

Defendants could not have submitted the testing presented herein to Judge Payne because it did not exist before the Claim Construction Order. Defendants filed their claim construction brief on May 28, 2026; the *Markman* hearing was held on July 14; the Claim Construction Order issued on August 31; and Defendants objected on September 14. Dkts. 123, 178, 181. Dr. Ready's report came the next day, and Dr. Colvin's four weeks later, in accordance with the DCO. DCO at 5.

This new evidence is relevant to indefiniteness only when Dr. Colvin's TGA testing is compared with Dr. Ready's XPS-based infringement opinion, which did not exist until MRD served it. Such testing takes time: the parties sought to extend the expert deadlines in view of the time needed for MRD's laboratories to finish their infringement testing by the original July 22 opening-report deadline—itself nearly two months after Defendants' responsive brief. Dkt. 119 at 1-2, 4.

The concerns noted in the *Freeman* decision are absent here—Defendants did not use Judge Payne "as a mere sounding-board for the sufficiency of the evidence." 142 F.3d at 852. Defendants presented all the comparative evidence then available, Dkt. 123 at 6-9, and did so at claim construction, rather than after expert discovery, because the DCO required it. DCO at 6. Nor did Defendants have "a full and fair opportunity to present their best evidence" on a comparison that depended on testing not yet performed. *Freeman*, 142 F.3d at 852.

Factors 1 and 3 therefore favor consideration of the new evidence.

### B. Factor 2: The New Evidence Goes Directly to the Issue the Claim Construction Order Found Dispositive

The Order's step-three ruling rested on a gap: "[t]he only comparison presented by Defendants between the three principal methods . . . is between XPS and EDX." Order at 18. The new evidence fills that gap and, as in *Chavarria*, "goes directly to the issue the [magistrate judge] found dispositive." No. 26-10262, 2026 WL 2296984, at *2.

[redacted]

According to the XPS results reported by Dr. Ready, the accused CNTs fall within the claimed range of oxidation level; measured by TGA, they fall far below it. Ex. 1 ¶¶ 329-30; Ex. 2 ¶ 146; Ex. 3 ¶ 140. Both are "principal methods" identified by the Order for measuring oxidation level, Dkt. 178 at 15-16, so this is a case in which "a product . . . may infringe the claim under one method but not infringe when employing another method." *Ningde*, 2023 WL 6930328, at *4. And unlike the literature examples the Claim Construction Order found wanting, Order at 19-20, these results concern the accused materials themselves and diverge by roughly an order of magnitude. The evidence is dispositive even under the Claim Construction Order's framework, although Defendants maintain their objections under steps two and three. Dkt. 181 at 1-3.

### C. Factor 4: MRD Will Suffer No Unfair Prejudice

MRD cannot claim unfair prejudice. The XPS results underlying the new testing comparison are MRD's own and were not disclosed until after the Claim Construction Order issued and Defendants filed their objections. Nor can MRD claim surprise that LGES would rely on TGA testing to show non-infringement: Dr. Ready named TGA a principal method for measuring oxidation level, Dkt. 117-8 ¶¶ 41, 44; Order at 15-16; the patentee's later '649 patent identifies TGA as the primary approach for measuring oxidation level, Dkt. 123 at 5 (citing Dkt. 123-13 at 5:24-36); MRD's '656 patent describes the TGA method Dr. Colvin applied, Ex., 2 ¶ 144 & n.169; Ex. 3 ¶ 140; and MRD's witnesses testified that MRD uses TGA to assess CNT oxidation level, Ex. 2, ¶ 75 n.61.

To the extent MRD contends it would have made additional arguments addressing this evidence, its ability to respond to this motion cures any such potential prejudice.

## IV. CONCLUSION

The Court should grant Defendants leave to submit Exhibits 1-3 and should consider them in ruling on the objections (Dkt. 181) or, alternatively, return the indefiniteness question to Judge Payne with instructions to consider the new evidence in the first instance. Fed. R. Civ. P. 72(b)(3).

[redacted]

Dated: October 27, 2026

Respectfully submitted,

/s/ Daniel A. Tishman

Melissa R. Smith (State Bar No. 24001351)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Email: melissa@gillamsmithlaw.com

Michael J. McKeon (DC Bar No. 459780)
Christian A. Chu (DC Bar No. 483948)
R. Andrew Schwentker (DC Bar No. 991792)
Daniel A. Tishman (DC Bar No. 1013923)
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW
Washington, DC 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331
E-mail: mckeon@fr.com; chu@fr.com;
schwentker@fr.com; tishman@fr.com

Katherine H. Reardon (NY Bar No. 5196910)
Charles N. Reese, Jr. (GA Bar No. 455637)
Nicholas Gallo (GA Bar No. 546590)
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002
E-mail: kreardon@fr.com; creese@fr.com
gallo@fr.com

Kelly Allenspach Del Dotto (DE Bar No. 5969)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: kad@fr.com

Chet D. Campbell (MA Bar No. BBO #688,190)
FISH & RICHARDSON P.C.
One Marina Park Drive, Suite 1700
Boston, MA 02210
Telephone: (617) 542-5070
Facsimile: (617) 542-8906
Email: cycampbell@fr.com

*Attorneys for Defendant LG Energy Solution, Ltd.*

[redacted]

By: /s/ *Andrew R. Sommer (with permission)*

Richard Edlin
New York Bar No. 2051696
Email: edlinr@gtlaw.com
Thomas D. Pease
New York Bar No. 2671741
Email: thomas.pease@gtlaw.com
Julie P. Bookbinder
New York Bar No. 4375259
Email: bookbinderj@gtlaw.com
Jeffrey R. Colin
New York Bar No. 4758272
Email: colinj@gtlaw.com
Elana B. Araj
New Yor Bar No. 5280565
Email: elana.araj@gtlaw.com
Wen Xue (pro hac vice)
New York Bar No. 5598008
Email: xuew@gtlaw.com
Kathryn E. Albanese
New York Bar No. 5748033
Email: katie.albanese@gtlaw.com
Omar Nesheiwat
New York Bar. No. 6105340
Email: omar.nesheiwat@gtlaw.com
GREENBERG TRAURIG LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Andrew R. Sommer
Virginia Bar No. 70304
Email: sommera@gtlaw.com
GREENBERG TRAURIG LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301

Melissa R. Smith
State Bar No. 24001351
Email: melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 S Washington Avenue

[redacted]

Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Counsel for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

[redacted]

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5 on October 27, 2026. As of this date, all counsel of record have consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3)(A) and via electronic mail.

*/s/Daniel A. Tishman*

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the parties met and conferred telephonically on October 27, 2026. Andres Healy attended for Plaintiffs. R. Andrew Schwentker attended for LGES and Elana Araj attended for Samsung. The parties discussed their positions on this motion. The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve. Counsel for Plaintiffs indicated that they oppose this motion.

*/s/Daniel A. Tishman*

[redacted]

[redacted]